UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

6:17-cr-00034-6

**United States of America**

v.

**Jeffrey Allison Eldridge**

### ORDER

Now before the court is defendant's motion (Doc. 346) to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the court finds that the motion should be and hereby is denied.

### Background

In 2017, defendant pleaded guilty to possession with intent to distribute of more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841. The presentence investigation report showed that defendant habitually engaged in criminality. He was previously convicted of assault, possession of a controlled substance, possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and driving while intoxicated. His record also showed 15 other arrests.

The longest prison sentence defendant received for those state crimes was 50 years of imprisonment. But early into that term of imprisonment, defendant was released onto parole. While on parole, defendant again illegally dealt drugs, resulting in this federal criminal case. Defendant was sentenced to ten years of imprisonment, to be followed by five years of supervised release. He is reportedly scheduled for release on June 23, 2027, and confined at FCI Oakdale I.

On May 26, 2020, the court received defendant's motion to be released with less than a third of his prison term served. Defendant invoked 18 U.S.C. § 3582(c)(1)(A)(i) and argued

that using Bureau of Prisons administrative processes would be futile because his prison's warden was biased. The court rejected that claim as conclusory and because that warden was replaced the day after defendant mailed his motion.

On July 6, 2020, the court received defendant's motion to again consider reducing his sentence. That motion now states that defendant did make a request to his prison's wardens to support his early release. On July 14, 2020, the government responded in opposition to defendant's motion.

**Analysis**

18 U.S.C. § 3582(c) prohibits a court from modifying a term of imprisonment once imposed except in the circumstances defined in that subsection. As relevant here, that subsection allows reducing a term of imprisonment—sometimes called compassionate release—if (1) a certain motion is made and (2) the court makes certain findings. 18 U.S.C. § 3582(c)(1)(A).

Defendant, as the movant, bears the burden of showing his eligibility for relief under that provision. *United States v. Roberts*, 2020 WL 2130999 (W.D. La. 2020). Any such sentence reduction "is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The court first addresses the existence of a motion required by § 3582(c)(1)(A) and then turns to the findings required for a reduction.

**I. Motion required by statute**

**A.** Until recent years, § 3582(c)(1)(A) allowed a reduction in a term of imprisonment only upon motion of the Director of the Bureau of Prisons. The First Step Act of 2018, Pub. L. 115-391, amended that statute to allow judicial consideration of a sentence reduction if a defendant moves for that relief after either:

> [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or

> [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,
>
> whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A) (line breaks and indentation altered). Put differently, the statute's timing requirement for a defendant's motion is met upon the earlier of either [1] exhaustion of administrative appeals or [2] a 30-day waiting period from the warden's receipt of a request for the Bureau to bring a motion on the defendant's behalf.

Thus, § 3582(c)(1)(A) does not require a defendant to exhaust administrative-appeal rights before bringing a motion, provided that the defendant instead waits 30 days from the warden's receipt of a request for the Bureau to bring a motion on the defendant's behalf. To be sure, the law in many other contexts requires the exhaustion of administrative appeals before judicial review. But the statutory design here appears to reflect the First Step Act's concern with terminally-ill defendants, whose death trajectory may have been expected to incentivize their prompt use of administrative appeals so that they may bring a court motion even before the 30-day waiting period expires. *See generally* 18 U.S.C. § 3582(d) (requiring, for terminally-ill defendants, that the Bureau process their requests for sentence reduction within 14 days of the receipt of such requests).

**B.** In light of those legal standards, defendant's motion is sufficient to allow judicial consideration of a sentence reduction under § 3582(c)(1)(A). The motion represents that, on May 10, 2020, defendant sent a request to his prison's warden for compassionate release. Doc. 346 at 2. The government's response does not contest that representation or that it suffices to show the warden's receipt of the request on that date. So the court accepts that the warden received the request then. Because more than 30 days had lapsed from the warden's receipt of that request when the court received the instant motion, the motion allows review under § 3582(c)(1)(A).

**II. Findings required by statute**

**A.** Even with a sufficient motion filed, § 3582(c)(1)(A) does not allow a sentence reduction unless, after considering the applicable factors in § 3553(a), the court makes two findings:

[1] that

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and

> [2] that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (line breaks altered).

The statute's reference to "applicable policy statements" embraces § 1B1.13 of the Sentencing Commission's *Guidelines Manual*. Section 1B1.13 is a "policy statement" and is applicable to a "reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)." U.S.S.G. § 1B1.13, p.s.; *accord id.* comment. (background note stating that this policy statement implements the directive in 28 U.S.C. § 994(a)(2) and (t) for the Commission to develop policy statements and to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").

The November 2018 *Guidelines Manual* is the most recently published version. Its § 1B1.13 provides in full:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1) (A) extraordinary and compelling reasons warrant the reduction; or

   (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13, p.s.

The application notes to § 1B1.13 state that, provided the defendant is not a danger to any other person or the community, "extraordinary and compelling reasons" exist in the following circumstances:

(A) **Medical Condition of the Defendant.—**

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer,

>       amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>     (ii) The defendant is—
>
>     (I)   suffering from a serious physical or medical condition,
>
>     (II)  suffering from a serious functional or cognitive impairment, or
>
>     (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**—(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children. (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, comment. (n.1). The commentary does not foreclose that extraordinary and compelling reasons might exist in other circumstances.

### B. Application

Upon considering the applicable factors listed in 18 U.S.C. § 3553, the court is unable to find that a sentence reduction in this case is warranted. First, defendant has not carried his burden of persuading the court that he is not a danger to the safety of the community. *See* U.S.S.G. § 1B1.13(2). Defendant's motion points to no evidence on that score. And defendant has a demonstrated history of recidivism.

Second, and independently, defendant does not meet the age/time-served test for compassionate release, *see* 18 U.S.C. § 3582(c)(1)(A)(ii), and has not carried his burden of persuading the court that "extraordinary and compelling reasons" warrant his early release, *see* 18 U.S.C. § 3582(c)(1)(A)(i). Although defendant reports several medical conditions, defendant has not shown that he is currently suffering from a terminal illness or other medical condition listed in application note 1(A) to § 1B1.13. He does not meet the age and time-served requirements of application note 1(B) or the family-circumstances requirements of application note 1(C). And the Director of the Bureau of Prisons has not made the finding described in application note 1(D). Accordingly, the "extraordinary and compelling reasons" listed in that *Guidelines* commentary have not been proved here.

The court shares defendant's concern about the effect of the COVID-19 outbreak in Bureau of Prisons facilities. But those concerns are not being ignored by the government. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision, on April 3, 2020, Attorney General Barr issued a memorandum instructing the Bureau to maximize transfer to home confinement of "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." *See* Memorandum from Attorney General William Barr

to Director of Bureau of Prisons, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (April 3, 2020), www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf. The court believes that Bureau of Prisons processes should be allowed to work, adapt to changing circumstances, and determine if some type of furlough or temporary home confinement is appropriate.

Lastly, and independently, the court is not persuaded to exercise its discretion to afford an early release from prison in light of the § 3553(a) sentencing factors, which originally led the court to impose a ten-year prison sentence. Those factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants. Consideration of those § 3553(a) factors here militates against reducing defendant's sentence to time served. Defendant pleaded guilty to a serious, albeit non-violent, felony offense involving selling methamphetamine, an addictive drug that destroys lives. This was not defendant's first crime. Indeed, he committed it while on parole from a state sentence for selling methamphetamine. When the court sentenced defendant, it followed the statutory mandate that it impose a sentence that was "not greater than necessary." Defendant received a sufficient but judicious sentence of 120 months' imprisonment, reduction of which would not be consistent with the pertinent sentencing factors.

## Conclusion

For the foregoing reasons, defendant's motion for a reduction of his term of imprisonment (Doc. 346) is denied.

*So ordered by the court on August 4, 2020.*

                                                        J. Campbell Barker
                                            United States District Judge